**IN UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MARY K. HASELTINE-MCCONKEY**                                    **PLAINTIFF**

**vs.**                              **Civil No. 6:18-cv-06083**

**ANDREW SAUL[1],**                                    **DEFENDANT**
**Commissioner, Social Security Administration**

<u>**MEMORANDUM OPINION**</u>

Plaintiff, Mary K. Haseltine-McConkey, brings this action under 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of Social Security Administration

(Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"),

and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security

Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   In this judicial review,

the court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision.   *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.   ECF No. 7.   Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      <u>**Background**</u>**:**

Plaintiff protectively filed her applications for SSI and DIB on May 1, 2014.   (Tr. 969)[2].

In her applications, Plaintiff alleged being disabled due to neck pain, back pain, spine pain, right

---

[1]  Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to
Rule 25(d)(1) of the Federal Rules of Civil Procedure.
[2] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 10, These references are
to the page number of the transcript itself not the ECF page number.

hand pain, right shoulder pain, muscle problems, heart problems, hypertension, blurry vision, anxiety, headaches, menstrual problems, chronic obstructive pulmonary disorder (COPD), posttraumatic stress disorder (PTSD), and attention deficit hyperactivity disorder (ADHD). with an alleged onset date of March 25, 2014. (Tr. 240, 281-83, 287, 295, 882). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 969). Plaintiff requested an administrative hearing and that administrative hearing was held on August 12, 2015. (Tr. 37-75). At this hearing, Plaintiff was present and represented by counsel, Donna Price. (*Id.*). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (*Id.*).

Following the administrative hearing, on October 20, 2015, the ALJ entered an unfavorable decision. (Tr. 16-34). Plaintiff appealed, and on February 24, 2017, this Court remanded the case for further administrative proceedings. (Tr. 998-1005). This Court found the ALJ erred in evaluating Plaintiff's RFC because the ALJ's RFC assessment was not supported by medical evidence. (Tr.1002-04). Specifically the ALJ's failure to consider Plaintiff's x-ray results from August of 2015 required remand of the case for further consideration of Plaintiff's RFC and physical limitations. (Tr. 1004).

Plaintiff filed additional claims for Title II and Title XVI benefits on July 22, 2016, which were consolidated with her prior applications for disability benefits to create a single record. (Tr. 882). A second administrative hearing was held on February 21, 2018. (Tr. 906-948). At this hearing, Plaintiff was present and represented by counsel, Donna Price. (*Id.*). Plaintiff and a VE testified at the hearing. (*Id*).

Following the administrative hearing, on May 15, 2018, the ALJ entered an unfavorable decision. (Tr. 879-895). The ALJ found Plaintiff had last met the insured status requirements of the Act through September 30, 2017. (Tr. 885, Finding 1). The ALJ also found Plaintiff had not

engaged in substantial gainful activity since her alleged onset date of March 25, 2014. (Tr. 885, Finding 2). The ALJ determined Plaintiff had the severe impairments of: degenerative disc disease of the cervical spine, asthma/COPD, arthritis, hypertension with cardiac arrhythmias, posttraumatic stress disorder, bipolar disorder, major depressive disorder, anxiety disorder, history of substance abuse, and borderline personality disorder. (Tr. 885, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 885-887, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 887-93). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id*. The ALJ determined Plaintiff retained the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is able to occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and/or crawl. The claimant can overhead reach occasionally. The claimant should avoid concentrated exposure to dust, odors, gases, and fumes. The claimant is limited to unskilled work where the interaction with others is limited to occasional contact with supervisors, coworkers, and the public.
> (Tr. 887, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined that Plaintiff was unable to perform any of her past relevant work. (Tr. 893-94, Finding 6). However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 894-95, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of table worker with approximately 9,300 jobs in the nation, or cutter/paster with approximately 5,400 jobs in the nation. *Id*. Based upon this finding,

the ALJ determined Plaintiff was not disabled at any time from March 25, 2014 through the date of his decision.  (Tr. 895, Finding 11).

On September 5, 2018, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 12, 13.  This case is now ready for decision.

**2.**   **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant

can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3.  Discussion:

Plaintiff brings the following points on appeal: 1) Whether the ALJ's RFC as to Plaintiff's physical impairments was unsupported by the substantial evidence of the record as a whole; and 2) Whether the ALJ's RFC as to Plaintiff's mental impairments was unsupported by substantial evidence of the record as a whole. ECF No. 12. The Commissioner argues substantial evidence supported the ALJ's findings, despite her assigning little weight to non-examining physicians opinion that Plaintiff had no functional limitations and restricting her RFC to a reduced range of sedentary work, because the RFC assessment was supported by diagnostic imaging and longitudinal physical exams with largely normal findings. (ECF No. 13, pp. 5-7). They further argue that Plaintiff's argument that the ALJ should have ordered a consultative examination is without merit; as Plaintiff made no request for a consultative exam at or after either hearing, and did not show that a consultative exam would support her claim of greater limitations. (*Id*, pp. 6-7). The Commissioner argues the ALJ gave proper weight to all medical opinions regarding Plaintiff's mental RFC and the ALJ's mental RFC assessment was supported by substantial evidence. (*Id*., pp. 8-11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of January 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE